UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Maintenance Technology, LLC,

    Plaintiff,

v.                                                                           Case No. 15-13957

Christy Antonucci,                                                Sean F. Cox
                                                                          United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER DENYING MOTION TO CHANGE VENUE**

      In this action, Plaintiff is a company that is suing its former IT employee who allegedly took actions to lock Plaintiff out of its own computer system. Plaintiff asserts negligence and tort claims, along with a claim under a federal statute that pertains to fraud involving computers. This action is currently before the Court on a motion filed by the Defendant-employee, asking this Court to transfer this action to a district court in Pennsylvania, where Plaintiff has sued Defendant and other non-parties, asserting claims under the federal Fair Labor Standards Act. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons below, the Court shall DENY Defendant's motion for change venue – which is based solely upon the "first-filed rule" – because that rule only applies where the two actions involve nearly identical issues and that is simply not the case with these two actions.

**BACKGROUND**

On or about October 20, 2015, Plaintiff Maintenance Technology LLC ("Plaintiff") filed this action against Defendant Christy Antonucci ("Defendant") in Oakland County Circuit Court. Plaintiff's Complaint includes the following three counts: 1) "Negligence" (Count I); 2) "Intentional Tort" (Count II); and 3) "Violations of Computer Fraud and Abuse Act" (Count III). All three counts are based upon the allegation that Defendant was employed by Plaintiff as an IT specialist and that she took actions that locked Plaintiff out of its computer system.

Defendant removed the matter to this Court asserting that this Court has federal question jurisdiction.[1]

On November 18, 2015, Defendant filed a "Motion for Change of Venue." (Docket Entry No. 3).

## ANALYSIS

In her Motion for Change of Venue, Defendant asks this Court to "change venue of this action to the Western District of Pennsylvania." (Def.'s Motion at 2). Defendant states that she previously sued Plaintiff "and its sister company, and Michael Stenback, and President of both entities [in the] Western District of Pennsylvania No. 2;15-cv-01056-AJS, based on violations of the Fair Labor Standards Act, 29 USC 201 *et seq*. on August 11, 2015." (*Id.*).

---

[1]The Notice of Removal appears to suggest that this Court has federal question jurisdiction because Defendant previously sued Plaintiff in federal court in Pennsylvania and that case involved claims under the federal Fair Labor Standard Act. That is not a valid basis for asserting federal question jurisdiction over the Complaint in this action. To determine if federal question jurisdiction exists over this action, the Court looks at the claims in Plaintiff's Complaint in this action. Counts I and II of Plaintiff's Complaint are state-law claims. Plaintiff's complaint, however, also includes a claim under a federal criminal statute, 18 U.S.C. § 1030. That statute also authorizes, under certain circumstances, a civil action. *See* 18 U.S.C. § 1030(g); *see also LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131-32 (9th Cir. 2009) (discussing the section that allows a private right of action under certain circumstances). Thus, this Court concludes that it has federal question jurisdiction.

Motions seeking a change of venue often reference 28 U.S.C. § 1404(a) and ask the Court to change venue for the convenience of parties and witnesses. Briefs supporting such motions then discuss and analyze where the various witnesses reside, where documents and other evidence exist, etc. Here, however, Defendant has made no reference to § 1404(a) and has made no such arguments.[2]

Rather, Defendant makes a *very limited* argument, asking this Court to "change venue of this action to the Western District of Pennsylvania" under the "first-filed rule." Her supporting brief consists of approximately one page and it does not cite any Sixth Circuit authority.

In addition, Defendant has not provided the Court with the complaint filed in the other action. But she advises the Court that it is an action based on violations of the federal Fair Labor Standards Act. (Def.'s Br. at 1).

As explained by the Sixth Circuit in *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433 (6th Cir. 2001):

> The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that **when actions involving nearly identical parties and issues** have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment." *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984). The Sixth Circuit has referenced the rule without discussing it by name, *see In re American Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996); *Barber–Greene v. Blaw–Knox Co.*, 239 F.2d 774, 778 (6th Cir. 1957), while other circuits have explicitly applied it. *See, e.g., Boatmen's First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*, 57 F.3d 638 (8th Cir. 1995); *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988); *In re Burley*, 738 F.2d at 981.

---

[2]Out of an abundance of caution, Plaintiff's response brief addresses § 1404(a) and asserts that this case should not be transferred under that section and provides a § 1404(a) analysis. The Court need not address such arguments because Defendant's motion did not raise such arguments. It is based entirely on the first-filed rule.

*Id*. at 437 (emphasis added).

In opposing this motion, Plaintiff asserts that these two actions raise entirely distinct claims and issues. The Court agrees.

This action asserts that Defendant, who worked for Plaintiff as an IT person, took actions to lock Plaintiff out of its own computer system. The other action, in contrast, asserts violations of the federal Fair Labor Standards Act. It also includes additional parties who are not involved in this action. Accordingly, the other action does not involve nearly identical issues to those raised in this action.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Change of Venue is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 13, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 13, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager